## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

MARY K. BRASILE,          :
      Plaintiff              :      DKT #
                             :
      v.                     :
                             :
St. CLEMENT'S CASTLE,       :
      Defendant          :      August 17, 2011

## COMPLAINT

1. Mrs. Mary K. Brasile was the subject of sexual harassment, discrimination, and retaliation by her former employer, St. Clement's Castle.

2. St. Clement's Castle is a catering house.

3. After working for St. Clement's Castle for almost five years, Mary Brasile was abruptly and unlawfully terminated.

4. The jurisdiction of this Court is proper pursuant to 42 U.S.C. § 1331 and § 1367.

5. Mrs. Brasile raises claims under the following: Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq.; the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621 et seq.; the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, et seq. and 42 U.S.C. 2000e-5(f); the First and Fourteenth Amendments to the U.S. Constitution; and state law claims pursuant to C.G.S. §§ 46a-51, et seq.,

EMBRY AND NEUSNER
P.O. BOX 1409   118 POQUONNOCK RD.   GROTON, CT 06340-1409   (860) 449-0341   JURIS NUMBER 102932

including, but not limited to, §§ 46a-60(a)(1), 46a-60(a)(4), and 46a-60(a)(8), negligent infliction of emotional distress, and intentional infliction of emotional distress.

6.    Mrs. Brasile filed her claim with the Connecticut Commission on Civil Rights and Opportunities (CHRO). The CHRO did not reach a decision on the merits of the case.

7.    Mrs. Brasile has received a release of jurisdiction from the CHRO and a right to sue letter from the Equal Employment Opportunity Commission. (Attached as Exhibits A and B respectively.)

8.    Mrs. Brasile seeks all available forms of relief, including, but not limited to, equitable and other relief pursuant to 42 U.S.C. § 2000e-5(g) and the Civil Rights Act of 1991, 42 U.S.C. § 1981a; 29 U.S.C. §§626 (b) and (c) and/or §§ 633 (b) and (c); and C.G.S. § 46a-51 et seq.

9.    There is no other action pending by plaintiff regarding the matters alleged in this complaint.

10.   Mrs. Brasile seeks a trial by jury.

11.   Mrs. Brasile is a resident of the State of Connecticut, living in Middlesex County. She is over the age of forty.

12.   St. Clement's Castle is located at 1931 Portland-Cobalt Road, PO Box 427, Portland, CT 06480, and is a business engaged in an industry affecting interstate commerce, employees more than fifteen (15) people, and is an employer within the meaning of 42 U.S.C. § 2000e(b).

EMBRY AND NEUSNER
P.O. BOX 1409   118 POQUONNOCK RD.   GROTON, CT 06340-1409   (860) 449-0341   JURIS NUMBER 102932

13.    Mary Brasile began her employment at St. Clement's Castle on or about
       August 13, 2004. She was a Banquet Manager.

14.    Mrs. Brasile was originally hired to work approximately 21 hours per week;
       however, during the busy season, between April and November, she more
       often than not worked greater than 21 hours per week.

15.    On or about April, 2006, Mrs. Brasile became a full time employee, was given
       a pay raise, and was provided medical benefits which covered her, her
       husband, and her two children.

16.    Also in April, 2006, Mrs. Brasile was diagnosed with breast cancer. Shortly
       thereafter, she underwent a surgical procedure.

17.    Mrs. Brasile received chemotherapy treatments from between June, 2006 and
       October, 2006, and received radiation treatments for six weeks following
       chemotherapy.

18.    Mrs. Brasile continued to work during her treatments.

19.    Upon information and belief, St. Clement's experiences what they term the
       "slow season" between January and March, as there are not many functions
       held at St. Clement's Castle during that time period.

20.    When Mrs. Brasile was hired in August, 2004, she worked continually at St.
       Clement's, including during the slow season.

21.    In December, 2006, however, Mrs. Brasile was informed that she would not
       be required to work the "slow season," and was simultaneously informed that
       she would be returning to work in April, 2007.

22.    Indeed, in April, 2007 she returned to work as a Banquet Manager.

EMBRY AND NEUSNER
P.O. BOX 1409   118 POQUONNOCK RD.   GROTON, CT 06340-1409   (860) 449-0341   JURIS NUMBER 102932

23. Upon information and belief, Mrs. Brasile was not the only employee of St. Clement's Castle who did not work between January and March, nor was she the only one to return to work in April.

24. In April, 2007, Mrs. Brasile returned to work. She received a pay raise in September, 2007.

25. Mrs. Brasile worked until December, 2007, and just like the prior year, Mrs. Brasile was informed that she would not work the "slow season" and would return to work in April, 2008.

26. During the slow seasons of 2007 and 2008 St. Clement's Castle continued to provide and pay for the health insurance for Mrs. Brasile and her family, with a minimal contribution from Mrs. Brasile.

27. Mrs. Brasile returned to work in April, 2008.

28. Upon information and belief, in 2008 St. Clement's was required to and/or had renegotiated its health coverage costs and payments with its insurance carrier, representative and/or broker.

29. Upon information and belief, St. Clement's insurance premiums were due to be increased at the end of the then current cycle.

30. Also in 2008, Mrs. Brasile was informed that there would be no pay raises for two years.

31. During the busy season of 2008, including but not limited to the fall months of 2008, Mrs. Brasile complained to management, as well as those above her in the chain of command, that Mr. Kris Jargilo, General Manager of St.

EMBRY AND NEUSNER
P.O. BOX 1409   118 POQUONNOCK RD.   GROTON, CT 06340-1409   (860) 449-0341   JURIS NUMBER 102932

Clement's Castle, was sexually harassing female employees, including her, by calling them "baby," "honey," and other sexually derogatory and misogynistic words and phrases.

32.   Mrs. Brasile also complained that Mr. Jargilo stood very close to female staff, including her, and touched them, including her, while making comments such as: "Anything you need you come and see me baby."

33.   Mrs. Brasile worked until December, 2008, at which time, like the previous two years, she was informed that she would not work during the slow season and would return to work in April, 2009.

34.   Like the prior years, in 2009 Mrs. Brasile did not clean-out her desk at St. Clement's, nor did anyone ever ask her to clean-out her desk.

35.   Furthermore, in December, 2008, Mr. Edward Dougherty specifically informed and assured Mrs. Brasile that she would be returning to work in April, 2009.

36.   However, during the slow season of 2009, unlike the prior two years, Mrs. Brasile was required to pay for health insurance costs.

37.   On or about March 18, 2009, Mrs. Brasile was terminated.

38.   Mr. Jargilo called Mrs. Brasile and informed her that she was let go due to a restructuring of the staff and the way St. Clement's would do business, and that St. Clement's no longer needed a Banquet Manager. Mr. Jargilo then ended the call.

39.  Shortly thereafter, Mrs. Brasile contacted the Human Resources Department of St. Clement's Castle to find out exactly why she was fired, and was told that they did not know the new job description and that they could not answer any questions as to why she was terminated.

40.  On March 29, 2009, a mere eleven days after Mrs. Brasile was fired, St. Clement's posted an advertisement in the Hartford Courant seeking a Banquet Manager. The job description exactly mimicked the description of the duties and obligations performed by Mrs. Brasile.

41.  Additionally, on or about April 6, 2009, St. Clement's posted an advertisement on craigslist.com seeking a full time Banquet Manager. Again, the job description exactly mimicked the description of the duties and obligations performed by Mrs. Brasile.

42.  Then again on April 12, 2009, St Clement's posted another advertisement in the Hartford Courant for a Banquet Manager. And, yet again, the job description exactly mimicked the duties performed by, and obligations and responsibilities of, Mrs. Brasile.

43.  Upon information and belief, St. Clements hired a Banquet Manager that replaced Mrs. Brasile, who was a man, twenty five years of age, hired to and indeed did perform the exact type of work in which Mrs. Brasile was engaged while employed by St. Clement's.

44.  Ms. Brasile was an outstanding employee who received letters, cards, and other memorabilia from the patrons of St. Clement's whose parties and events

EMBRY AND NEUSNER
P.O. BOX 1409   118 POQUONNOCK RD.   GROTON, CT 06340-1409   (860) 449-0341   JURIS NUMBER 102932

she oversaw, expressing their pleasure and gratitude for the work of Mrs. Brasile on behalf of their events.

45.   There was no reason, other than the unlawful discrimination based on sexual harassment, retaliation, disability, sex, and age, for Mrs. Brasile's termination.

46.   The termination caused great emotional distress to Mrs. Brasile, including but not limited to: a lack of sleep, nervousness, inability to function on a normal daily level, restlessness, concern for the future, concern for her family.

47.   The termination also caused, and continues to cause, great financial hardship upon Mrs. Brasile.

48.   Upon information and belief, two other individuals, both over the age of forty, one who suffered from cancer but was in remission, were terminated from their long-time employment at St. Clement's Castle, at or about the same time Mrs. Brasile was terminated.

49.   Upon information and belief, claims of unlawful employment practices and/or employment discrimination have been filed against St. Clement's after Mrs. Brasile filed her claims in the CHRO as well as prior to the filing of her CHRO complaint and this complaint.

50.   The acts of the defendant were intentional and inspired by malice.

51.   Mrs. Brasile seeks all relief applicable under the laws of the United States and State of Connecticut, including, but not limited to, compensatory and punitive damages, including, but not limited to, back-pay, emotional distress, medical

EMBRY AND NEUSNER
P.O. BOX 1409   118 POQUONNOCK RD.   GROTON, CT 06340-1409   (860) 449-0341   JURIS NUMBER 102932

expenses, expenses related to cost of living, loss of wages, damage to credit

rating, attorney's fees, and seeks all applicable relief that this Court may deem

just and equitable.


RESPECTFULLY SUBMITTED,
MARY K. BRASILE, PLAINTIFF


By:

John F. Geida, Esq.
Fed Bar No. ct27468
Embry and Neusner
118 Poquonnock Road
Groton, CT 06340
T. 860-449-0641
F. 860-449-9070
Email: jgeida@embryneusner.com

Her Attorney

8

# EXHIBIT A

EMBRY AND NEUSNER

P.O. BOX 1409   118 POQUONNOCK RD.   GROTON, CT 06340-1409   (860) 449-0341   JURIS NUMBER 102932

## STATE OF CONNECTICUT
## COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

<u>Mary K. Brasile</u>
COMPLAINANT

vs.                                                    **DATE: July 18, 2011**

<u>St. Clements, Inc.</u>
RESPONDENT

CHRO Case No. 1040083
EEOC No. 16A200901549

## <u>RELEASE OF JURISDICTION</u>

Pursuant to the request for a release of jurisdiction, the Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint in accordance with CONN. GEN. STAT. § 46a-101. The Complainant is authorized to commence a civil action in accordance with CONN. GEN. STAT. § 46a-100 against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred or in which the Respondent transacts business. If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

**A copy of any civil action brought pursuant to this release must be served on the Commission at 25 Sigourney Street, Hartford, CT 06106 at the same time all other parties are served. THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION   BASED ON A RELEASE OF JURISDICTION PURSUANT TO CONN. GEN. STAT. § 46a-103.**

In granting this release, the Commission expressly finds in accordance with CONN. GEN. STAT. §§ 46a-100 and 46a-101(b) that all conditions precedent to the issuance of the release have been met. The complaint was timely filed under CONN. GEN. STAT. § 46a-82 and the complaint has been pending for a period of not less than 210 days. The complaint is not currently scheduled for public hearing nor is there reason to believe that the complaint will be resolved within a period of 30 days from the date the Commission received the request.

<u>The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.</u>

With the granting of this release of jurisdiction, the Commission administratively dismisses this complaint in accordance with CONN. GEN. STAT. § 46a-101(d) without cost or penalty to any party.

Very truly yours,

Robert J. Brothers, Jr.
Executive Director

cc:  Complainant's Attorney John F. Geida by e-mail to: jgeida@embryneusner.com
     Respondent's Attorney Kevin J. Greene by e-mail to: greene@halloran-sage.com

# EXHIBIT B

EMBRY AND NEUSNER

P.O. BOX 1409   118 POQUONNOCK RD.   GROTON, CT 06340-1409   (860) 449-0341   JURIS NUMBER 102932

EEOC Form 161-B (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Mary K. Brasile<br>22 Woodmont Circle<br>East Haddam, CT 06423 | From: | Boston Area Office<br>John F. Kennedy Fed Bldg<br>Government Ctr, Room 475<br>Boston, MA 02203 |
|-----|---|-----|---|

| ☐ | *On behalf of person(s) aggrieved whose identity is*<br>*CONFIDENTIAL (29 CFR §1601.7(a))* |
|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16A-2009-01549 | **Anne R. Giantonio,**<br>**Intake Supervisor** | **(617) 565-3189** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

| X | More than 180 days have passed since the filing of this charge. |
|---|---|
| ☐ | Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge. |
| X | The EEOC is terminating its processing of this charge. |
| ☐ | The EEOC will continue to process this charge. |

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

| X | The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost. |
|---|---|
| ☐ | The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time. |

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*[signature]*

**Robert L. Sanders,**
**Area Office Director**

JUL 14 2011

*(Date Mailed)*

Enclosures(s)

cc: ST. CLEMENTS, INC.
1931 Portland-Cobalt Road
P.O. Box 427
Portland, CT 06480

John F. Geida, Sr.
649 Amity Road
Bethany, CT 06524